UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SONNY DAVIS,                          )
                                      )
                  Petitioner,         )
                                      )
            v.                        )        No. 2:18-cv-00451-JRS-MJD
                                      )
RICHARD BROWN,                        )
                                      )
                  Respondent.         )

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Sonny Davis petitions for a writ of habeas corpus challenging a

prison disciplinary sanction imposed in disciplinary case number WVS 18-08-0007. For the

reasons explained in this Order, Mr. Davis's habeas petition must be **denied**.

## A.    Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

## B.     The Disciplinary Proceeding

On August 6, 2018, Indiana Department of Correction (IDOC) Correctional Lieutenant Nicholson wrote a Report of Conduct charging Mr. Davis with impairing surveillance, a violation of the IDOC's Adult Disciplinary Code offense B-209. The Report of Conduct states:

> On 8/6/18 at approximately 11:00 A.M., I Lt. C. Nicholson conducted a live video review of cell B-401 (assigned to Offender Davis, Sonny #128888). The video camera in the cell was covered for approximately 23 minutes from 10:54 A.M. to 11:17 A.M.

Dkts. 1-1, p. 13, & 8-1.

Mr. Davis was notified of the charge on August 8, 2018, when he received the Screening Report. Dkts. 1-1, p. 2, & 8-2. He pled not guilty to the charge, declined a lay advocate, and did not initially ask for witnesses. *Id.* Mr. Davis requested documentary evidence that (a) he had been notified that he could not cover a camera that pointed at the toilet he used; (b) a doctor's document that directs him to shower daily; (c) the "shower sheet" for the week leading up to the charged incident; (d) a medical report documenting that he has a medical condition; and (e) the grievance that he made when he was refused showers. *Id.* He later requested a number of witness statements and documentary evidence. Dkts. 8-4 & 9.

Mr. Davis requested statements from offenders Robert Coleman, Dwight Williams, and Seth Keel. These offenders would have stated that they and Mr. Davis were incarcerated at the Westville Correctional Facility until a week before the incident. At Westville they were required to cover bathroom cameras or they could be found to be exposing themselves. They would also have stated that when they arrived at the Wabash Valley Correctional Facility they were not informed of the policy prohibiting the covering of cameras. A statement was sought from Counselor Meeks that the policy was not included in the packet of papers given to them when they arrived. A statement from Officer McCloud was requested that Mr. Davis did not receive recreation

and a shower as was indicated on a form. Finally, Mr. Davis sought a statement from Officer Dunn that after Mr. Davis informed her that he was going to cover the camera with a towel, she did not tell him that was not allowed. Dkt. 8-4.

The evidence sought by Mr. Davis, in addition to the items sought during the screening process, included the orientation packet given to newly arriving inmates by Counselor Meek, video evidence showing that he did not receive recreation or a shower on a date when other records indicated he had received them, and his medical file. *Id.*

A disciplinary hearing was held on August 20, 2018. The hearing officer considered staff reports, Mr. Davis's statement, the "shower sheet," a medical report, Mr. Davis's grievance, and the Disciplinary Code for Adult Offenders. Dkt. 1-1, p. 12, & 8-5.  Based on this evidence, he found Mr. Davis guilty of the offense of impairment of surveillance. The sanctions imposed included a credit class demotion. *Id.*

Mr. Davis appealed to the Facility Head (the Warden) and the IDOC Final Reviewing Authority; both appeals were denied. Dkts. 1-1, p. 13, 8-6, & 8-7. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C.    Analysis

Mr. Davis contends that he was denied due process when he was (a) denied witnesses for his defense, and (b) denied documentary evidence. Dkt. 1, p. 3. He does not dispute that he covered a camera with a towel for twenty-three minutes while he used a toilet and showered. Mr. Davis also contends that the Wabash Valley prison must resolve a conflict between the offense of covering the cameras in bathrooms and showers and the offense of inmates exposing themselves.

In response to Mr. Davis's arguments, the Warden's arguments can be summed up as contending that all of the evidence sought by Mr. Davis was irrelevant to whether he covered the

surveillance camera. Dkt. 8. In reply, Mr. Davis argues that he was entitled to the evidence under due process requirements and under *Brady v. Maryland*, 373 U.S. 83 (1963) (requiring the prosecution to disclose known exculpatory evidence to the defense).

Both of Mr. Davis's grounds for relief state the same claim – that he was denied evidence in the defense of his case. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

None of the evidence that Mr. Davis contends he was denied was relevant to the charge of impairing surveillance. Whether Mr. Davis was specifically advised during his orientation at Wabash Valley that covering cameras in the shower and toilet areas was not allowed is not relevant to the question of whether he did so. The other offenders' statements verifying the content of the orientation meeting, or the procedures employed at other correctional facilities, is irrelevant to the question of whether Mr. Davis covered the camera in his shower/toilet area. And Mr. Davis's medical condition, need for and lack of showers, and missing recreation is similarly irrelevant. None of this evidence, if admitted, would have contradicted the hearing officer's decision and would not have raised the possibility of a different result. *Id.*

Mr. Davis's argument that the Warden violated *Brady*, 373 U.S. 83, by not allowing this evidence is misplaced. *Brady* mandates the disclosure to the defense of exculpatory evidence

known to the prosecution. Evidence is not exculpatory if it is irrelevant. And the *Brady* doctrine is not invoked when the evidence at issue is already known to the defense. Thus *Brady* is inapposite to the instant case.

The Court is sympathetic to situations creating a so-called Catch-22. But even when confronted with such situations, in the prison disciplinary context the Court's limited role is to determine whether the limited due process rights espoused in *Wolff* have been afforded. The resolution of conflicting options for inmates is not, without more, something this Court has jurisdiction to remedy. In Mr. Davis's case, the question before the hearing officer was whether Mr. Davis impaired surveillance. This Court's single task has been to determine whether the Warden afforded Mr. Davis the due process to which he was entitled, and in this case he did. Any denial of the evidence requested by Mr. Davis was harmless, *see Jones*, 637 F.3d at 847 (applying the harmless error doctrine to prison disciplinary cases); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003), because it was irrelevant.

Mr. Davis's final contention that Wabash Valley must resolve the conflict between the disciplinary code sections is not, on these facts, a justiciable question for this Court.

Habeas corpus relief on Mr. Davis's two grounds for relief is **denied**.

### D.    Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no violation of Mr. Davis's federal due process rights in the disciplinary proceeding, and no other known constitutional infirmity in the proceeding which entitles Mr. Davis to the relief he seeks. Accordingly, Mr. Davis's petition for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/7/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sonny Davis
128888
Wabash Valley Correctional Facility – Inmate Mail/Parcels
6908 S. Old Us Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Marjorie H. Lawyer-Smith
Indiana Attorney General
marjorie.lawyer-smith@atg.in.gov